UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL CHAVEZ,<br><br>          Plaintiff,<br><br>v.<br><br>COMMUNITY HOUSING SOLUTIONS; DONNA IVICEVIC d/b/a PINE VIEW APARTMENTS; VINCENT IVICEVIC d/b/a PINE VIEW APARTMENTS; and DOES 1-10, inclusive,<br><br>          Defendant. | Case No.: 16-cv-2032-L (DHB)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

  On September 8, 2017, Defendant Community Housing Solutions filed a Joint Motion to Continue the Court's March 6, 2017 Scheduling Order. (ECF No. 30.) Good cause appearing, the Court hereby **GRANTS** the Joint Motion. Accordingly, the Court modifies the Scheduling Order as follows:

  1. By **October 23, 2017**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to**

**make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

2. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) by **November 20, 2017**.

3. All discovery shall be completed by all parties by **December 18, 2017**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate joint motion within the time limit and according to the procedures outlined in Magistrate Judge David H. Bartick's Civil Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

4. Please be advised that failure to comply with any discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

5. All pretrial motions including those addressing Daubert issues but excluding motions *in limine* must be filed by **January 15, 2018**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. The hearing date and

briefing schedule for motions *in limine* will be set at the Final Pretrial Conference. Each motion *in limine* shall be accompanied by a certification that the parties met and conferred in an attempt to resolve the issue.

      6.     A Mandatory Settlement Conference shall be conducted on **April 10, 2018** at **10:00 a.m.** in the chambers of Magistrate Judge **David H. Bartick**. Counsel shall submit settlement statements **directly** to Judge Bartick's chambers by **April 2, 2018**.[1] The parties may either submit confidential settlement statements or may exchange their settlement statements. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **The settlement conference briefs shall not be filed with the Clerk of the Court.**

      **All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person at the conference</u>**. The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to: 1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).

      Governmental entities may appear through litigation counsel only. As to all other

---

[1] Statements under 20 pages in length, including attachments and exhibits, shall be e-mailed to chambers at efile_Bartick@casd.uscourts.gov. Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered directly to chambers.

parties, appearance by litigation counsel only is not acceptable. Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required shall be cause for the immediate imposition of sanctions.** All conference discussions will be informal, off the record, privileged, and confidential.

7. Memoranda of Contentions of Fact and Law are neither expected nor accepted.

8. Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **April 23, 2018**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

9. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **April 30, 2018**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rules of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

10. Counsel for Plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **May 7, 2018**, Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

11. The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and

lodged with the assigned district judge by **May 14, 2018**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

12. The final Pretrial Conference is scheduled on the calendar of the **Honorable M. James Lorenz** on **May 21, 2018** at **11:00 a.m**. Note that trial briefs are not required and leave to file a trial brief must be obtained from Judge Lorenz.

13. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

14. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

15. The dates and times set forth herein will not be modified except for good cause shown.

16. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited. Courtesy copies of filing exceeding 20 pages shall be delivered to the Clerk of the Court and shall be noted as "Courtesy Copy."

17. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

IT IS SO ORDERED.

Dated: September 12, 2017

LOUISA S PORTER
United States Magistrate Judge